[No. 3242.    Decided October 6, 1899.]

S. W. BARNES *et al., Appellants,* v. C. H. FLUMMERFELT, *as Treasurer of Kittitas County, Respondent.*

TAXATION—PARTNERSHIP DOING BUSINESS IN OTHER STATES—DEDUCTION OF DEBTS FROM CREDITS.

A partnership engaged in carrying on one business in this state and another business in a foreign state, is not entitled to deduct from its assessment of credits in this state the amount of its indebtedness in the foreign state, under our revenue laws, which provide that the property of a firm shall be listed in the firm name; that personal property shall be listed in the county where the owner resides; that in making up the amount of credits which any person is required to list he will be entitled to deduct from the gross amount all debts in good faith owing by him.

Appeal from Superior Court, Kittitas County.—Hon. JOHN B. DAVIDSON, Judge. Affirmed.

*Kauffman & Frost,* for appellants.

*Henry J. Snively,* for respondent.

The opinion of the court was delivered by

FULLERTON, J.—The appellants brought this action against respondent as treasurer of Kittitas county, Washington, to restrain the respondent from distraining and selling their personal property for the purpose of making the taxes levied and assessed against them for the year 1896. The evidence is not brought here in the record; it being conceded that the lower court correctly found the facts. That court found that the appellants were partners doing business as Barnes & McCandless; that Barnes resided at Ellensburg, Kittitas county, Washington, and carried on the business of broker and money loaner in the firm name; that McCandless resided in the Sandwich Islands and carried on the business of well boring and dealing in sugar in the firm name, and that they so conducted business in the year 1896; that the firm owned on the 1st day of April of that year, in Kittitas county, credits subject to taxation in that county of the value of $22,033; that the firm was indebted on account of the business in Kittitas county in the sum of $1,200, and on account of the business in the Sandwich Islands in the sum of $17,300; that the latter debt was "contracted for the benefit of the business carried on in the Sandwich Islands and the proceeds were used in the business there, and no part of it was used in the business carried on in Kittitas county." As a conclusion of law the court found that the firm was not entitled to deduct from the amount of their assessment in Kittitas county the debts owed by them in the Sandwich Islands contracted in connection with the business there, and entered judgment accordingly. The question here is, were the appellants entitled to this deduction?

The statute in force at the time this assessment was made required that the property of a firm should be listed in the name of the firm, and that personal property, with certain specified exceptions, should be listed in the county

where the owner or agent resided. (Laws 1893, p. 327, §§ 8, 9, 16, 20.) The statute further provided (Laws 1895, p. 508, § 1) that "in making up the amount of money or credits other than bank stock, which any person is required to list or have listed or assessed, he will be entitled to deduct from the gross amount thereof all debts in good faith owing by him," save such as were contracted for the purchase of certain non-taxable property. Elsewhere in the act it was provided that the term "person," whenever used in the act, should "be construed to include firm, company or corporation." The statute, for the purpose of assessment and taxation, regarded a partnership as a person or entity distinct from its constituent members, and under the statute only partnership debts could be deducted from the assessed value of the credits of the partnership. It is a settled principle of law that the power of the state to tax property is limited to property within its jurisdiction; hence the property of the firm of appellants owned by them in the Sandwich Islands was not taxable to the firm in the state of Washington. Under the rule that the situs of intangible property, such as credits, is at the domicile of the owner, the interest of Barnes in the credits of the firm of Barnes & McCandless held in the Sandwich Islands might possibly have been taxable to Barnes individually in the state of Washington, but such credits could not, nor could any part of them, have been taxed to the firm of Barnes & McCandless in this state. It seems to us to follow from these principles that the businesses conducted by the appellants in the different jurisdictions were, for the purposes of assessment and taxation, separate and distinct partnerships; as much so as though they had not an identity of persons composing them. Being thus distinct, the debts of the partnership in the Sandwich Islands could not be deducted from the credits of the firm in Kittitas county, and the lower court correctly so decided.

" There is nothing poetical about tax laws. Wherever they find property, except what is devoted to public and charitable uses, they claim a contribution for its protection, without any special respect to the owner or his occupation, and without reflecting much on questions of generosity or courtesy."

The judgment is affirmed.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.